# Prestwood *v.* Borland.

*Mandamus to Probate Judge, on refusal of License to Retail Spirituous Liquors.*

1. *Election under local liquor law; form of ballots; issue of license.* Under the local law "to regulate the issuance of licenses for the sale of intoxicating liquor in any of the several beats in Geneva County" (Sess. Acts 1888-9, p. 775), providing for an election in each beat to determine the wishes of the people, it is directed that the ballots shall be printed or written "*For license*," or "*Against license*," and bal-lots marked "*No whiskey*" are informal and irregular ; but, a majority of the ballots being thus marked, the probate judge has no authority to issue a license, notwithstanding the informality in them, since the statute further provides that no license shall be issued "until a major-ity of the qualified electors of the beat shall have expressed a desire for the issuance of such license, at an election held for such purpose."

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. M. CARMICHAEL.

The appeal in this case is taken from the refusal of the judge of the Circuit Court to grant a writ of *mandamus* to compel the judge of the Probate Court of Geneva county to grant a license to the appellant to retail liquor. The peti-tioner, in his application for the license to the probate judge, alleged facts to show that he had complied with the statute—that he had filed a recommendation of twenty respectable house-holders and free-holders, residing within the corporate limits of the town where he desired to retail; had filed the affidavit required by statute ; and that, as required by the act of the General Assembly of 1890–91, an election had been held in the beat of the county in which he desired to retail—petitioner contending that said election resulted in favor of the desired license. All the other facts are sufficiently set out in the opinion of this court.

JNO. D. GARDNER, and M. E. MILLIGAN, for appellant.

No counsel marked for appellee.

WALKER, J.—At .the last session of the General Assembly an act was passed "to provide for the holding of elections in the several beats of Geneva county to determine whether alcoholic, vinous or malt liquors shall be sold in such beats." The act was approved December 8th, 1890, and on January 5th, 1891, an election was held in Beat 5 of said county. Appellant contends that that election resulted in favor of license, and that, having complied with the legal requirements to entitle him to a license for the sale of such liquors in said beat and the probate judge of said county having refused to issue such license, he is entitled to relief by *mandamus* to compel the issuance thereof.

The statement of the supervisors of the election, a copy of which was made an exhibit to appellant's petition, shows that one hundred and twenty-one votes were cast "For license," one hundred and thirty votes for "No whiskey," one vote for "No License," and one vote "For whiskey." As by section 3 of said act it is provided that the ballots to be cast at such election shall be written or printed "for license" and "against license," it is plain that ballots marked "no whiskey" are irregular and unauthorized by the act. But the insufficiency of those ballots does not determine the result of this case. There are other considerations which are fatal to appellant's application. By section 1 of said act it is provided "that from and after the passage of this act no license shall be issued for the sale of alcoholic, vinous or malt liquors, in any of the beats of Geneva county, until a majority of the qualified electors of said beat shall have expressed a desire for the issuance of such license, at an election held for such purpose." The language of section 3 of said act, "if a majority of the votes cast be 'for license' the probate judge shall forthwith issue a license," &c., is to be construed in connection with the explicit provision above quoted from section 1. Unless that provision of section 1 is wholly discarded, it must have effect to qualify and explain the language of section 3, so that the act taken as a whole is to be construed as authorizing the probate judge to issue a license, only when a majority of the qualified electors of the beat at an election held in the mode prescribed by the act have cast their ballots "for license." And before a writ of *mandamus* could be awarded to compel the issuance of a license the result of the election authorizing such license must have been duly ascertained and declared. As said act provides for the conduct of such elections in all respects in conformity with the general election laws of the State, it is incumbent upon the supervisors of such election to declare the result thereof after the manner prescribed by § 388 of the Code; and it

[Bobo v. Gunnels.]

is a prerequisite of the authority of the probate judge to issue such licenses, that it appear from the result of the election, so ascertained and declared, that a majority of the qualified electors of the beat have voted "for license." No such declaration of the result of the election is found in the record; from the facts stated it seems that a majority of the qualified electors of the beat did not vote for license. It is plain that the appellant has not made the requisite showing to entitle himself to the relief prayed, and the Circuit Court properly refused to issue the writ of *mandamus.*

Affirmed.